**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GRUBBS EMERGENCY SERVICES, LLC,**

        **Plaintiff,**

-vs-                                            Case No.  6:05-cv-1632-Orl-31KRS

**CITY OF WINTER PARK, FLORIDA,**

        **Defendant.**

_____

**CITY OF WINTER PARK, FLORIDA,**

        **Counterclaimant,**

vs.

**UNITED STATES DEPARTMENT OF HOMELAND SECURITY and FEDERAL EMERGENCY MANAGEMENT AGENCY (FEMA),**

        **Counterdefendants.**

_____

# ORDER

This matter comes before the Court without a hearing on the response (Doc. 13) to this Court's Order to Show Cause (Doc. 10) filed by the Defendant/Counterclaim Plaintiff, the City of Winter Park, Florida ("Winter Park").

**I.    Background**

On September 2, 2005, Grubbs Emergency Services, LLS ("Grubbs") sued Winter Park in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.  (Doc. 2). Grubbs alleged that Winter Park had failed to pay for debris removal and similar services it

performed in the wake of Hurricane Charley. (Doc. 2 at 4-6). Grubbs brought suit on the contract and in quantum meruit. (Doc. 2 at 7-9). Winter Park filed an answer and multi-count counterclaim (Doc. 1-2) complaining, in part, that the Federal Emergency Management Agency ("FEMA") would not reimburse it for its payments to Grubbs because the documentation of that removal, which Grubbs had provided, was insufficient. In Count III of the counterclaim, Winter Park sought a declaratory judgment as to whether the documentation provided by Grubbs was sufficient to trigger FEMA's reimbursement requirement under the Robert T. Stafford Disaster Relief and Emergency Assistance Act, 42 U.S.C. § 5121 *et seq.* (the "Stafford Act"). (Doc. 1-2 at 14-15). On the basis of that counterclaim, and citing to 28 U.S.C. § 1346(a), Winter Park removed the case to this Court on November 2, 2005. (Doc. 1 at 2).

On November 22, 2005, the Court issued an order to show cause, noting that the United States was not a defendant to the underlying breach of contract claim and that no basis for either federal question jurisdiction or diversity jurisdiction appeared on the face of the complaint. (Doc. 10 at 1). Winter Park was ordered to show cause why the case should not be dismissed for lack of subject matter jurisdiction. (Doc. 10 at 2). On the same day, Grubbs filed a motion to dismiss for lack of subject matter jurisdiction (Doc. 11), followed by a motion to remand (Doc. 12) on November 23, 2005. Winter Park has not yet filed a response to either of the motions.

**II.     Analysis**

The party seeking to remove a case bears the burden of establishing its right to do so. *Pullman Co. v. Jenkins*, 305 U.S. 534, 540 (1939). In its response to the order to show cause, Winter Park argues that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1346(a)

and the Stafford Act.[1]  (Doc. 13 at 4).  The former statute provides, in pertinent part, that the district courts have jurisdiction of civil actions or claims against the United States, not exceeding $10,000 in amount, founded upon any act of Congress.  Winter Park contends that its counterclaim against FEMA constitutes a civil action against the United States, based upon the Stafford Act, thus satisfying 28 U.S.C. § 1346(a).  Leaving aside the questions of (1) whether a declaratory judgment proceeding constitutes a "civil action or claim against the United States" and (2) if so, whether this civil action or claim exceeds $10,000 in amount in the context of the case, the Court finds that this case was improvidently removed.

Defendants may remove from state court only those cases of which the district courts have original jurisdiction.  28 U.S.C. § 1441.  Clearly, this Court would not have had original jurisdiction – under 28 U.S.C. § 1346(a) or otherwise – over this action prior to Winter Park's filing of its counterclaim.  Before that moment, the United States was not a party, much less the subject of a civil action or claim, as required by Section 1346(a).  Grubbs' causes of action arose under state law, not federal law, and the parties are not diverse, precluding federal question or diversity jurisdiction.

Winter Park may not cure this problem by, in essence, appending a second suit to the nonremovable one and then removing the whole thing to this court.  Cases may be removed only on the basis of claims brought against defendants, not on the basis of counterclaims asserted by them.  *Ballard's Service Center, Inc. v. Transue*, 865 F.2d 447 (1st Cir. 1989).  Moreover, even if

---

[1] Winter Park does not appear to be arguing that the Stafford Act is itself jurisdictional, instead arguing that the act provides the statutory mechanism for satisfying one of the criteria of Section 1346. If Winter Park does contend that the Stafford Act itself affords this Court jurisdiction over this case, it has not provided any support for this contention.

Winter Park's counterclaim could succeed in transforming this case into one which may be removed, Winter Park could not itself accomplish that removal. Only a defendant may remove a case. 28 U.S.C. § 1441(a). The mere fact that a party is denominated a "defendant" does not establish that a claim has been asserted against the party for purposes of removal. *Dixie Elec. Co-op v. Citizens of State of Alabama*, 789 F.2d 852, 857 (11th Cir. 1986). In the instant case, no party has asserted a removable claim against Winter Park, and Winter Park's removal of the case was therefore improper.

In consideration of the foregoing, it is hereby

**ORDERED** that this case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. All pending motions are **DENIED AS MOOT**. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 6, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party